# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**DONALD LEE TAYLOR,**

        **Plaintiff,**

v.                                                           Civil Action No. 3:15cv120
                                                                (GROH)

**JIM RUBENSTEIN, et al.,**

        **Defendants.**

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTIONS FOR INJUNCTION

## BACKGROUND

The Plaintiff, a state inmate, initiated this *pro se* case on March 23, 2015, by filing a civil rights complaint against a number of defendants concerning his medical care at St. Marys Correctional Center. ECF No. 1. The Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* [ECF No. 2] with a Consent to Collection of Fees. ECF No. 3. Following receipt of a Notice of Deficient Pleading [ECF No. 5], the Plaintiff filed a Prisoner Trust Account Report on November 2, 2016. ECF No. 7. On November 6, 2016, the Plaintiff was granted leave to proceed *in forma pauperis* but was Ordered to pay an initial partial filing fee of $7.78 within twenty-eight (28) days. ECF No. 8. When the fee was not received in a timely fashion, an Order to Show Cause was entered on December 16, 2016. ECF No. 13. On January 4, 2016, the Plaintiff responded by indicating that the fee was on the way. ECF No. 16. On January 7, 2016, the Plaintiff was granted an extension of time within which to pay the fee. ECF No. 17. On January 14, 2016, an initial partial filing fee was received, but because it was drawn on an other inmate's account, it was returned to the Northern Correctional Facility at their request. On January 22, 2016, the Plaintiff paid the initial partial filing fee. ECF No. 20. On March 11, 2016, the Court completed an initial

screening of this matter, determined that summary dismissal was not warranted and directed the Defendants be served. ECF No. 24.

On January 8, 2016, the Plaintiff filed a Motion for Injunction [ECF No. 18], which is before the undersigned for a Report and Recommendation. In his Motion, the Plaintiff presents a history of his illness. Specifically, the Plaintiff indicates that in November of 1999, while incarcerated at Mt. Olive Correctional Center, he was diagnosed with Hepatitis C. The Plaintiff alleges that after a liver biopsy was performed in April of 2001, it was determined that he was a candidate for treatment, and he was started on Pegintron Interfiron. The Plaintiff further alleges that after approximately six (6) months, it was determined that the treatment was not working, and he was started on a combination therapy of Peg-Intron/Rebetrol. The Plaintiff alleges that treatment was continued for twelve months, but at the end of the twelve-month treatment, he failed to have a sustained response. The Plaintiff asserts that it was determined that nothing else could be done until a new treatment was developed.

The Plaintiff alleges that in May of 2013, after serving twenty-five (25) years in prison, he was paroled. While on parole, he learned that a new treatment was available which showed over a 90% success rated. In April of 2014, another liver biopsy was performed. The Plaintiff alleges that his specialist, Dr. Stephen Matulis, read the biopsy on a scale of 0-4, as showing inflamation at a 2 and fibrous scarring at a 4. Despite these results, the Plaintiff maintains that he was considered still treatable, and treatment was to begin in August of 2014.

However, in July of 2014, the Plaintiff's parole was revoked, and he is back in state custody. The Plaintiff alleges that the Defendants' collective unconstitutional customs and practices in medical care deny him any treatment for his Hepatitis C or his extreme chronic pain associated with

that disease. The Plaintiff specifically alleges that the medical defendants have made it clear that he will not be treated because of the costs associated with the treatment and because of their incompetent and erroneous determination that he does not meet the criteria for treatment. The Plaintiff also appears to allege that he has been caused additional harm by being "bounced around" from one facility to the next. He also alleges that he has been harassed by correctional officers after submitting grievances, including being issued trumped up disciplinary charges which led to his being placed in immediate lock-up and transferred to the Northern Correctional Facility.

For relief, the Plaintiff "moves for the Court to **GRANT** [him] Needed Relief and ISSUE his Motion for Injunction." ECF No. 18 at 6. (emphasis in original).

## ANALYSIS

A preliminary injunction is "an extraordinary remedy that only may be awarded upon a clear showing that the plaintiff is entitled to such relief." Dewhurst v. Century Aluminum Co., 649 F.2d 287, 290 (4th Cir. 2011)(quoting Winter v. Natural Res. Def. Counsel, Inc., 55 U.S. 7 (2008)); see Peterson v. National Telecommunications & Information Admin., 505 F. Supp.2d 313, 317 (E.D. Va. 2006)(quoting Direx Israel Ltd. V. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1992))(recognizing that "[a] preliminary injunction is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it").

In order to obtain the extraordinary remedy of a preliminary injunction, the burden is on the moving party to demonstrate: (1) "that he is likely to succeed on the merits"; (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "that the balance of equities tips in his favor"; and (4) "that an injunction is in the public interest." Dewhurst, 649 F.3d at 290

(internal quotation marks and citations omitted); See Direx v. Israel, 952 F.2d at 812)(indicating that the moving party bears the burden of demonstrating the propriety of a preliminary injunction). In Dewhurst, after setting forth the above four-part test, the United States Court of Appeals for the Fourth Circuit separately highlighted the fact that controlling precedent from the Supreme Court of the United States requires that a plaintiff "**clearly show**" that he is likely to succeed on the merits. Id. Winter, 555 U.S. at 22.(emphasis added.).

The demanding standard outlined above becomes even more exacting when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form a preliminary injunction that merely preserves the status quo pending trial. See East Tennessee Natural Gas Co. v. Sage, 361 Fed 3rd 808, 828 (4th Cir. 2004) (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)) (noting that 'mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demands such relief'). As recently explained by the Fourth Circuit:

> Ordinarily, preliminary injunctions are issued to "protect the status quo and to prevent irreparable harm during the pendency of the lawsuit or alternately to preserve the court's ability to render a meaningful judgment on the merits." In re Microsoft Corp. Antitrust Litg., 333 F.3d 517, 525 (4th Cir. 2003). Movant, however, seeks to alter the status quo by having a federal court order the Board to include his name on a primary election ballot. But such "[m]andatory preliminary injunctive relief in any circumstance is disfavored, and warranted only in the most extraordinary circumstances." Id. (citation omitted). Consequently, our "application of th[e] exacting standard of review [for preliminary injunctions] is even more searching when the relief requested "is mandatory rather than prohibitory in nature." Id.

Here, although it is not clearly stated, it appears that the Plaintiff seeks a mandatory injunction requiring Defendants to provide him with treatment for his Hepatitis C as well as

medication for pain. However, an analysis of the Winter factors reveals that Plaintiff's motion for preliminary injunction fails as he has not made a clear showing that he is likely to succeed on the merits of his Complaint. It is noted that although an Order to Answer has been entered, the Defendants have not been served as yet, and the Court has limited medical records available. Although it is clear that the Plaintiff does indeed have Hepatitis C, and apparently has been diagnosed with the same for approximately sixteen (16) years, there is no evidence as to the treatment options available, nor the cost associated with the same. Furthermore, it would appear that there is a dispute at as to whether the Plaintiff meets the criteria for treatment at this time, and the staging of his Hepatitis C fibrosis. Moreover, a review of the grievances attached to the underlying complaint raises significant doubt as to whether the Plaintiff has exhausted his administrative remedies as required by the Prison Litigation Reform Act. Therefore, based upon the record currently before the court, the Plaintiff has not clearly shown that he is likely to succeed on the merits of his claims. Because Plaintiff has not made the necessary showing as to the first factor, it is not necessary to even reach the other factors. See Dewhurst, 649 Fed 3rd at 293 (if a party cannot establish one of these factors, the court cannot grant a preliminary injunction to the movant),

Accordingly, for the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Motion for a Preliminary Injunction [ECF No. 18] be **DENIED** and the Plaintiff's Motion to Show Cause [ECF No. 22] be **DISMISSED AS MOOT**.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Gina M. Groh, Chief United

5

States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: March 14, 2016.

    */s Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE