IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

DONALD LEE TAYLOR,

    Plaintiff,

v.                                            CIVIL ACTION NO.: 3:15-CV-120
                                                  (GROH)

JIM RUBENSTEIN, Commissioner;
PATRICK MIRANDY, Warden, St. Marys
Correctional Center; DEBBIE HISSOM,
Director of Inmate Health Services;
DR. POLICARIPO, Wexford Health Services;
MELISSA WADSWORTH, Health Services
Administrator; AIG PROPERTY AND CASUALTY
INSURANCE COMPANY, "all" individual and
professional capacities,

    Defendants.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR INJUNCTION**

This matter is before the Court for consideration of the Report and Recommendation on Plaintiff's Motion for Injunction ("R&R") issued by United States Magistrate Judge Robert W. Trumble. ECF No. 26. Pursuant to this Court's Local Rules, the above-styled action was referred to Magistrate Judge Trumble for submission of a proposed R&R. On March 14, 2016, Magistrate Judge Trumble issued an R&R recommending that this Court deny the Plaintiff's Motion for Injunction [ECF No. 18] and dismiss the Plaintiff's Motion to Show Cause [ECF No. 22] as moot. For the following reasons, Magistrate Judge Trumble's R&R is hereby **ADOPTED**.

# I. Background[1]

In November of 1999, while he was in custody at Mount Olive Correctional Complex, the Plaintiff was diagnosed with Hepatitis C. Following his diagnosis, a biopsy of his liver was performed and he began treatment in 2001. His initial treatment plan involved PegIntron. However, by June of 2001, it was determined that the PegIntron, alone, was ineffective, and the Plaintiff's specialist at the time, Dr. Sankari, began a combination treatment plan consisting of PegIntron and Rebetol. Initially, the Plaintiff responded favorably to the combination treatment, but after approximately one year, he relapsed. In May of 2013, the Plaintiff was paroled. While on release, he became aware of a new treatment that proved effective for Hepatitis C. In April of 2014, another biopsy of the Plaintiff's liver was performed, and he was informed that on a scale of one to four, the inflammation of his liver was a two and the scarring of his liver was a four. Nevertheless, his physician, Dr. Matulis, indicated that the Plaintiff's disease was still treatable and advised that he resume treatment in August of 2014. However, the following month, the Plaintiff violated the terms of his parole and was again placed in custody. In July of 2014, his parole was revoked.

In his motion for injunction, the Plaintiff alleges that since his return to state custody, he has not been prescribed any form of treatment for his Hepatitis C, or the pain associated therewith, due to cost reasons and the Defendants' erroneous determination that he does not meet the criteria for treatment. The Plaintiff submits that a preliminary injunction is necessary so that he may be provided adequate treatment for his disease.

---

[1] The facts within this section are derived from the Plaintiff's complaint and motion for injunction. The relief requested and claims asserted in the Plaintiff's complaint are identical to those in his motion for injunction.

The Plaintiff avers that, "[i]f not treated soon, [he] may lose his window of opportunity for treatment," and his disease will either advance to cirrhosis of the liver or result in death. ECF No. 18 at 4-5. The Plaintiff claims that he has a strong likelihood of success in this case and avers that he has already suffered irreparable harm. Although not clearly articulated, it appears that the Plaintiff seeks a mandatory injunction requiring the Defendants to provide him treatment for his Hepatitis C and attributable pain.

## II. Applicable Law

### A. R&R

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections are made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file objections in a timely manner constitutes a waiver of *de novo* review and a plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1)(C); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

In this case, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days after being served with a copy of the R&R. The Plaintiff was served with the R&R on March 17, 2016. ECF No. 28. On March 24, 2016, the Plaintiff filed his objections. ECF No. 34. Accordingly, the Court will review *de novo* those portions of the R&R to which the Plaintiff objects and the remainder of the R&R for clear error.

## B. Preliminary Injunction

A motion for preliminary injunction will succeed if the moving party demonstrates "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Dewhurst v. Century Aluminum Co., 649 F.3d 287, 290 (4th Cir. 2011) (quoting Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). Importantly, the party seeking injunctive relief must *clearly* show that he is likely to succeed on the merits. Id. (quoting Winter, 555 U.S. at 22). Mandatory preliminary injunctions, in particular, should be exercised sparingly. See Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980).

## III. Discussion

The R&R recommends that the Plaintiff's motion for preliminary injunction be denied and his motion to show cause be dismissed as moot. Specifically, the R&R recommends denying the Plaintiff's motion for preliminary injunction because he has failed to clearly demonstrate the first factor under Dewhurst, which requires that the moving party demonstrate likely success on the merits. See Dewhurst, 649 F.3d at 290. Additionally, although the R&R does not base its proposed recommendation upon the Plaintiff's failure to exhaust administrative remedies, it contemplates that there may be an issue in regard to the exhaustion requirement.

The Plaintiff raises two objections to the R&R. First, he contends that he has properly exhausted his administrative remedies. However, because the final recommendation in the R&R was not based upon an inadequate exhaustion of administrative remedies, the Court overrules this objection as immaterial. Next, the

Plaintiff objects to the R&R's finding that he is unlikely to succeed on the merits of his underlying claim. The majority of this objection consists of a reiteration of previous arguments raised in his complaint and motion for injunction. However, the Plaintiff does appear to raise a new argument regarding the "new standard of care" for Hepatitis C, which he alleges has been acknowledged by courts within the Fourth Circuit. See ECF No. 34 at 5. The Plaintiff avers that the new standard of care requires that those suffering from Hepatitis C be prescribed Harvoni. Upon review, it appears that the Plaintiff is arguing that because inmates in other institutions have received Harvoni—a new and improved Hepatitis C treatment—he should be receiving, at the very least, some form of treatment for his Hepatitis C. Thus, because he is not receiving any form of treatment, the Plaintiff argues that his claim would likely be successful on its merits.

As outlined above, to be successful in a motion for preliminary injunction, the moving party must first clearly demonstrate that he is likely to succeed on the merits of his underlying claim. See Dewhurst, 649 F.3d at 290. Here, the Plaintiff's underlying claim alleges that the Defendants failed to adequately treat his Hepatitis C and did so with deliberate indifference. ECF No. 1 at 8. A two-part test is used to determine the sufficiency of a deliberate indifference claim. Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014). First, the inmate must show that his medical condition is objectively serious. Id. If the first component is satisfied, the inmate must then demonstrate that the defendant "kn[e]w of and disregard[ed] an excessive risk to [the inmate's] health or safety." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Importantly, evidence establishing the defendant's medical negligence or incompetence in the diagnosis or treatment of the inmate's condition does not satisfy the second component. See Estelle

5

v. Gamble, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.")

Here, the Plaintiff has shown that his medical condition is sufficiently serious. However, he has failed to demonstrate that the Defendants deliberately disregarded an excessive risk to his health. See Jackson, 775 F.3d at 178. For example, in a grievance filed on April 23, 2015, the Plaintiff requested that he begin treatment with the use of Sovaldi, as was prescribed to him by Dr. Matulis while he was on parole. ECF No. 34-2 at 2. It appears that initially Defendant Policaripo, a physician at St. Marys Correctional Center, determined that the Plaintiff was a candidate for some kind of Hepatitis C treatment, although it is unclear what treatment in particular was to be prescribed. See ECF No. 34-3. However, a letter from Defendant Hissom on July 10, 2015, indicated that, after reviewing the Plaintiff's lab work and liver biopsy with Defendant Wadsworth, it was determined that the Plaintiff did not meet the criteria for Hepatitis C treatment. ECF No. 34-1 at 3. In support, Hissom stated that the Plaintiff's "lab work [was] slightly elevated, but stable," and his liver biopsy from the previous year showed stage II fibrosis, and "[i]ndividuals with stage II fibrosis are not recommended for treatment." ECF No. 34-1 at 3. A difference in medical opinion between the Plaintiff's private physician, Dr. Matulis, and the doctors employed at St. Marys Correctional Center is not, in and of itself, evidence of deliberate indifference to the Plaintiff's medical condition. In fact, such a disagreement "is a classic example of a matter for medical judgment," see Estelle, 429 U.S. at 107, and "courts will not intervene upon allegations of mere negligence, mistake or difference of opinion," Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977).

Furthermore, the mere fact that inmates in other institutions are treated with Harvoni, or some other kind of Hepatitis C treatment, does not require the Defendants to provide the same treatment to the Plaintiff. Physicians consider numerous variables in determining proper—and effective—forms of treatment for their patients, and a treatment that proves successful for one patient does not always yield positive results for another. The Plaintiff himself has experienced mixed results with various Hepatitis C treatments. In 2001, he was prescribed PegIntron, which proved unsuccessful. Then, he was prescribed a combination of PegIntron and Rebetol, which initially rendered positive results, but within one year also failed. It appears that since his relapse in early 2003, he has not received any treatment for his Hepatitis C. However, by the Plaintiff's own admission, there was no effective treatment available for his disease from 2003 to 2014. Now, the Plaintiff claims that effective treatment is available, but there is no proof that the he is a viable candidate for such treatment. Finally, the letters and grievances filed as attachments to the Plaintiff's objections and complaint show that Defendants Hissom and Wadsworth consistently responded to the Plaintiff's complaints in a timely manner and, per policy, the Plaintiff is being seen by the Chronic Care Clinic ever six months. Thus, although the Plaintiff is not receiving the treatment that he desires, he is being seen on a regular basis by a physician at St. Marys.

The limited evidence presented by the Plaintiff does not clearly demonstrate that he is likely to succeed on the merits of his Eighth Amendment claim. The evidence presented thus far shows, at most, medical negligence, which is not a cognizable claim under the Eighth Amendment. Thus, the granting of a preliminary injunction is improper.

## IV. Conclusion

Upon careful review of the record in this case, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation on Plaintiff's Motion for Injunction [ECF No. 26] should be, and is, hereby **ORDERED ADOPTED**. Accordingly, the Plaintiff's Motion for Injunction [ECF No. 18] is **DENIED** and the Plaintiff's Motion to Show Cause [ECF No. 22] is **DISMISSED AS MOOT**. It is further **ORDERED** that the Plaintiff's Objections [ECF No. 34] are **OVERRULED**.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record, the *pro se* Plaintiff and the Clerk of Court for the United States Court of Appeals for the Fourth Circuit.

**DATED:** April 6, 2016

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE