IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

DONALD LEE TAYLOR,

    Plaintiff,

v.                                             CIVIL ACTION NO.: 3:15-CV-120
                                              (GROH)

JIM RUBENSTEIN, Commissioner;
PATRICK MIRANDY, Warden, St. Marys
Correctional Center; DEBBIE HISSOM,
Director of Inmate Health Services;
DR. POLICARIPO, Wexford Health Services;
MELISSA WADSWORTH, Health Services
Administrator; AIG PROPERTY AND CASUALTY
INSURANCE COMPANY, "all" individual and
professional capacities; and JOHN DOE,
Wexford Health Sources, Inc.,

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court for consideration of a Report and Recommendation ("R&R") issued by United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of an R&R. On December 1, 2016, Magistrate Judge Trumble issued his R&R, recommending that this Court grant the Defendants' motions to dismiss and dismiss the Plaintiff's amended 42 U.S.C. § 1983 complaint.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the

factual or legal conclusions of the magistrate judge to which no objections are made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file objections in a timely manner constitutes a waiver of *de novo* review and a plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1)(C); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

In this case, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, objections to Magistrate Judge Trumble's R&R were due within fourteen days after being served with a copy of the same. Service of the R&R was accepted on December 5, 2016, and the Plaintiff timely filed arguments in opposition to thereto.[1] However, the Court declines to construe these arguments as objections as they are nothing more than reiterations of facts and arguments already presented to and rejected by the magistrate judge in his R&R and this Court in its April 6, 2016 Order. See Davis v. Duncil, 81 F.3d 149, at *1 (4th Cir. 1996) (per curiam) (unpublished table decision); Felton v. Colvin, Civil No. 2:12-CV-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014) ("The Court may reject perfunctory or rehashed objections to [R&Rs] that amount to a second opportunity to present the arguments already considered by the [m]agistrate." (internal quotations and citation omitted)); Deyton v. Keller, Civil Nos. 1:10cv127, 1:10cv128, 1:10cv129, 2011 WL 4498837, at *4 (W.D.N.C. Sept. 27, 2011) ("[M]erely reiterating or incorporating the same arguments made in the pleading submitted

---

[1] Specifically, the Plaintiff's initial objections [ECF No. 77], received on December 19, 2016, were timely. However, his supplemental objections [ECF No. 79], received on January 3, 2017, were untimely. The Plaintiff indicates that his supplemental objections were placed in the mail on December 27, 2016—more than one week past the deadline prescribed by the magistrate judge. Accordingly, the Court declines to consider the Plaintiff's untimely supplemental objections.

2

to the Magistrate Judge does not warrant *de novo* review."). Accordingly, the Court will review the R&R for clear error.

Upon consideration, and finding no error, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 73] should be, and is, hereby **ORDERED ADOPTED**. The Plaintiff has set forth—at most—a claim for medical negligence, which is not cognizable under § 1983. See Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Accordingly, because it fails to state a claim upon which relief can be granted, the Court **DISMISSES** the Plaintiff's amended complaint [ECF No. 51] and **GRANTS** the Defendants' motions to dismiss [ECF Nos. 54, 57].

The Court **DENIES AS MOOT** the Defendants' motions to dismiss the original complaint [ECF Nos. 35, 41] and the Plaintiff's motion for preliminary injunction [ECF No. 66].

Upon review, the Court **DENIES** the remaining pending motions in this case [ECF Nos. 74, 75, 81].

The Court **ORDERS** this case **STRICKEN** from its active docket.

The Clerk is **DIRECTED** to enter a separate judgment order in favor of the Defendants.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and the *pro se* Plaintiff.

**DATED:** January 20, 2017

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE

3